UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMION SKELTON,<br><br>    Plaintiff,<br><br>    v.<br><br>IDEXX DISTRIBUTION, INC.,<br><br>    Defendant. | Case No. 2:24-cv-02531-DJC-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 13) |

    The Court has reviewed the parties' stipulated protective order below (ECF No. 13), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

    The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: May 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, skel2531.24

1
STIPULATED PROTECTIVE ORDER

Alexandra M. Asterlin, SBN 221286
alexandra.asterlin@ogletree.com
George J. Theofanis, SBN 324037
george.theofanis@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:      916-840-3159

Attorneys for Defendant
IDEXX DISTRIBUTION, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMION SKELTON, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>IDEXX DISTRIBUTION, INC., a Massachusetts corporation; DOE EMPLOYEE, an individual; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:24-CV-02531-DJC-CSK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Sacramento County Superior Court Case No. 24CV014958]<br><br>Action Filed:　　7/25/2024<br>Trial Date:　　　8/3/2026 |

This Stipulated Protective Order is entered into by and between Plaintiff DAMION SKELTON ("Plaintiff") and Defendant IDEXX DISTRIBUTION, INC. ("Defendant") (collectively, "the Parties") as follows:

1. **Purposes and Limitations**. Disclosure and discovery activity in this Action are likely to involve the production of confidential, proprietary, or private information, including, but not limited to, confidential business or sensitive personal information that could cause harm if publicly disclosed, attorney-client privileged communications/investigations and work product, third party employee personnel records, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Confidential information may only be filed under seal pursuant to a court order authorizing the sealing of the specific confidential information at issue. Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **Definitions.**

    a. **Action**: the instant Action: *DAMION SKELTON, an individual, Plaintiff, vs. IDEXX DISTRIBUTION, INC., a Massachusetts corporation; DOE EMPLOYEE, an individual; and DOES 1-50, inclusive.*

    b. **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

    c. **"CONFIDENTIAL" Discovery Material or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    d. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material or Items**: extremely sensitive "CONFIDENTIAL" information or tangible things, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    e. **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

    f. **Designating Party**: a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

    g. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

    h. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a Consultant in this Action.

    i. **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    j. **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    k. **Outside Counsel of Record**: attorneys who are not employees of a party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

  **l.  Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  **m.  Producing Party**: a Party or Non-Party who produces Disclosure or Discovery Material in this Action.

  **n.  Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  **o.  Protected Material**: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

  **p.  Receiving Party**: a Party who receives Disclosure or Discovery Material from a Producing Party.

  **3.  Scope**. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

  **4.  Duration**. Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and

(2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **Designating Protected Material.**

   a. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party who designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   b. **Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of Section (a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

       i. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," at the option of the Producing Party. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      **ii.** for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

      **iii.** for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    **c.** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

    **6.** **Challenging Confidentiality Designations.**

      **a.** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      **b.**    **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      **c.**    **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under U.S. Dist. Ct., Local Rules, Eastern Dist. Cal., Rules 141 and 230, and within twenty-one days of the initial notice of challenge or within fourteen days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration, within required time shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing

so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. Access to and Use of Protected Material.**

    **a.** Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    **b. Disclosure of "CONFIDENTIAL" Discovery Material or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        **i.** the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

///

///

          **ii.** the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

          **iii.** Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

          **iv.** the Court and its personnel;

          **v.** private court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

          **vi.** during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

          **vii.** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

          **viii.** any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any the Parties engaged in settlement discussion.

      **8.** **Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Discovery Material or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

          **a.** the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   **b.** Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   **c.** the Court and its personnel;

   **d.** private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   **e.** professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   **f.** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

   **g.** any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

  **9.**  **Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party must:

   **a.** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   **b.** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   **c.** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the

Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

10. **A Non-Party's Protected Material Sought to be Produced in This Litigation.**

   a. The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

   b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   i. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   ii. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   iii. make the information requested available for inspection by the Non-Party.

   c. If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any

circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

      a.  notify in writing the Designating Party of the unauthorized disclosures;

      b.  use its best efforts to retrieve all unauthorized copies of the Protected Material;

      c.  inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and

      d.  request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

    **12.**    **No Waiver by Disclosure of Discovery Material.** If a Producing Party discloses Discovery Material in this action, the disclosure, whether inadvertent or otherwise, will not constitute or be deemed a waiver—in this action or in any other state or federal action or proceeding—of any claim of the attorney-client privilege and/or work product doctrine that the Producing Party would otherwise be entitled to assert with respect to the Discovery Material or its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      a.  **Notification.** The Producing Party must notify the party receiving the Information ("Receiving Party"), in writing, that privileged and/or work product Information has been produced or otherwise disclosed. The Disclosing Party must provide this written notice promptly following its discovery of the production or disclosure. The Disclosing Party shall not be deemed to have waived any rights by such disclosure, or by its failure to object to the use of the Discovery Materials by the Receiving Party after its disclosure, so long as the Disclosing Party provides prompt written notice to the Receiving Party. Upon its receipt of this written notice, the Receiving Party must immediately cease reviewing and circulating such Discovery Material or using it for any purpose, except as provided in section 4. below, until further order of the Court. Within ten (10) business days of receiving this written notice, except as provided in section 4. below, the Receiving Party must return to the Disclosing Party or destroy (delete, in the case of electronically stored Discovery Material), at the Disclosing Party's option, such Discovery Material and all reasonably accessible copies of it. The Receiving Party must also certify in writing to the

Disclosing Party that it has returned or destroyed the Discovery Material and has made reasonably diligent efforts to identify and destroy all copies of it. If such Discovery Material is in electronic format and has been stored on a source of electronically stored Discovery Material that is not reasonably accessible, such as disaster backup recovery media, the Receiving Party shall sequester the Discovery Material and if the Discovery Material is retrieved, the Receiving Party must promptly delete it.

        **b.   Challenging Claim of Privilege or Work Product Protection.** The Receiving Party may challenge the Producing Party's claim of attorney-client privilege or work-product protection with respect to any of the disclosed Discovery Material. The Receiving Party, however, cannot argue that the disclosure itself of the Discovery Material waived or forfeited the privilege or work-product protection. In the event the Receiving Party disputes the claim of privilege or work-product protection, the Receiving Party must, within fifteen (15) business days after it receives the Producing Party's initial written notice, move the Court for an order compelling the production of the disputed Information. Prior to filing and serving its motion, the Receiving Party shall give the Producing Party written notice of the basis of its challenge and shall be entitled to retain one copy of the disputed document or Discovery Material to use in bringing its motion to compel. If the Receiving Party fails to seek a court order, it shall return or destroy, at the Producing Party's option, all copies of the disputed document or Information upon the expiration of the 15-day period.

        **c.   Stipulated Time Periods.** The parties may stipulate to extend the time periods established in sections 3. and 4. above.

        **d.   Destruction of Derivative Material.** In the event the Receiving Party or any of its experts or agents prepared any analyses, memoranda, notes or other material based on or derived from disclosed Discovery Material, the Receiving Party shall immediately retrieve such material and place it in sealed envelopes. Thereafter, the Receiving Party shall destroy the material if either: the Receiving Party does not dispute that the disclosed Discovery Material is privileged or protected work-product in accordance with the procedures specified in section 4. above; or the Receiving Party brings a motion to compel in accordance with section 4. above and the Court rules

that the Discovery Material is privileged or protected work product. The analyses, memoranda, notes or other material may be removed from their sealed envelopes and used for their intended purpose only if either: the Disclosing Party agrees in writing that the disclosed Discovery Material is not privileged or work product protected; or the Court rules that the Discovery Material is not privileged or work product protected.

  **e.** **Burden of Proving Privilege or Work Product Protection.** If the Receiving Party challenges the claim of attorney-client privilege and/or work-product protection, as provided for in section 4. above, the Producing Party bears the burden of establishing that the disclosed Discovery Material is privileged and/or work product protected.

  **f.** **No Limitation on Party's Right to Review.** Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or Discovery Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or work product protected Discovery Material before production.

**13.** **Miscellaneous.**

  **a.** **Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

  **b.** **Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

  **c.** **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with 141 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's

request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14. Final Disposition.** Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

    a.  identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

    b.  affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV. (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  May 7, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _/s/ George Theofanis_____
Alexandra M. Asterlin
George J. Theofanis
Attorneys for Defendant IDEXX DISTRIBUTION, INC.

DATED: May 6, 2025, 2025

BROCK & GONZALES, LLP

By: /s/ Kelsi D. Grau [authorized 5.6.25]
    Jesse S. Stratos
    Cory H. Hurwitz
    Kelsi D. Grau
    Attorneys for Plaintiff DAMION SKELTON

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address] , declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California District on _____ [date] in the case of *DAMION SKELTON, an individual, Plaintiff, vs. IDEXX DISTRIBUTION, INC., a Massachusetts corporation; DOE EMPLOYEE, an individual; and DOES 1-50, inclusive,* 2:24-CV-02531-DJC-CSK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California District for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number], as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

**Date**: _____

**City and State where sworn and signed:** _____

**Printed Name:** _____

**Signature:** _____